NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAVERLY MCCRAY, | Civil Action No. 13-6975 (WJM) |
| Plaintiff, | |
| v. | OPINION |
| PASSAIC COUNTY JAIL, et al., | |
| Defendants. | |

**APPEARANCES**:

> WAVERLY MCCRAY, #268999
> Passaic County Jail
> 11 Sheriff Plaza
> Paterson, NJ  07501
> Plaintiff *Pro Se*

**MARTINI, District Judge**:

Waverly McCray, a pretrial detainee at Passaic County Jail, seeks to file a Complaint without prepayment of the filing fee. This Court will grant his application to proceed *in forma pauperis*. For the reasons expressed in this Opinion and, as required by 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss the federal claims raised in the Complaint, without prejudice to the filing of an amended complaint asserting a cognizable claim under 42 U.S.C. § 1983. The Court will decline supplemental jurisdiction over claims arising under state law.

## I.  BACKGROUND

Waverly McCray brings this action against the Passaic County Jail, Warden Michael Tolerico and Captain Dickson. Mr. McCray asserts that he practices the Muslim religion which requires him to eat a Halal diet. He alleges that he complained to Warden Tolerico and Captain Dickson that, although the jail provides Jewish inmates with a Kosher diet that includes meat, the jail provides

Muslim inmates with a vegetarian diet. He states that he informed defendants that he is not a vegetarian and that the Kosher diet (containing meat) satisfies Halal, but "Capt. Dickson said the jail wouldn't honor Muslims receiving Kosher meals [and t]he Muslims are only allowed vegetarian meals." (Complaint, ECF No. 1 at 6.) He contends that, by denying his request for a Kosher/Halal meat diet, defendants are violating his First Amendment right to practice his religion and his Fourteenth Amendment right to equal protection of laws. For relief, he asks this Court to direct defendants to provide him with a Kosher/Halal diet containing meat and to award damages for providing a vegetarian diet.

Attached to the Complaint are Inmate Grievance Forms which Mr. McCray submitted to Captain Dickson, the Warden, and other officials, which are dated from July 15, 2013, through October 13, 2013. (Complaint, Attachments, ECF No. 1 at 8-17.) In these grievances, Mr. McCray essentially states the following: he practices the Muslim religion, which requires him to consume a Halal diet; a Kosher diet satisfies the Halal diet requirements; the jail feeds him a vegetarian diet, but feeds Jewish inmates a Kosher diet which includes meat; officials are treating him differently by providing Jewish inmates with a Kosher meat diet, yet providing Muslim inmates with only a vegetarian diet. *Id.* The responses to these grievances generally state that the provision of a vegetarian diet does not interfere with the Muslim religion's Halal diet requirements.

## II. STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary

2

relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis.*

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. DISCUSSION

A. <u>Federal Claims</u>

Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2] To recover under § 1983, a plaintiff

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

3

must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, this Court will dismiss the Passaic County Jail as defendant. A county jail is not a "person" subject to suit under 42 U.S.C. § 1983 pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 688-90 (1978). *See Russell v. City Of Philadelphia*, 428 F.App'x 174, 177 (3d Cir. 2011); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890, 893-894 (E.D. Va. 1992). Because a jail is not a person subject to suit for violation of constitutional rights, this Court will dismiss all federal claims against the jail with prejudice.

(1) First Amendment Free Exercise Claim

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . ." U.S. Const. amend. I. The Free Exercise Clause of the First Amendment prohibits prison officials from denying an inmate "a reasonable opportunity of pursuing his faith." *See Cruz v. Beto*, 405 U.S. 319, 322 & n.2 (1972). Secular beliefs are not protected by the Free Exercise Clause, and "[o]nly beliefs which are both sincerely held and religious in nature are protected under the First Amendment." *Sutton v. Rasheed*, 323 F.3d 236, 251 (3d Cir. 2003) (citation and internal quotation marks omitted).

Although "prisoners do not forfeit all constitutional protections," it is settled that "[t]he fact of confinement as well as the legitimate goals and policies of the penal institution limits these retained constitutional rights." *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). Moreover, in deciding an inmate's

---

party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

4

First Amendment challenge, a court must recognize that "judgments regarding prison security 'are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.'" *Turner v. Safley*, 482 U.S. 78, 86 (1987) (quoting *Pell v. Procunier*, 417 U.S. 817, 827 (1974)). Prison administrators, "who are actually charged with and trained in the running of the particular institution under examination" are the best arbiters of the need for specific prison regulations to maintain institutional safety and promote prisoner rehabilitation. *Bell*, 441 U.S. at 562; *see also Pell*, 417 U.S. 817, 827 (1974) (courts should ordinarily defer to their expert judgment unless officials exaggerate the legitimacy of the interest behind the regulation). To guarantee due deference is shown to prison officials, courts examine the constitutionality of prison regulations using a reasonableness standard set forth in *Turner*, 482 U.S. 78. "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. at 89. *Turner* requires courts to weigh four factors in determining reasonableness: "whether the regulation has a 'valid, rational connection' to a legitimate governmental interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are any 'ready alternatives' to the regulation." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (quoting *Turner*, 482 U.S. at 89-91); *see also Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002). Furthermore, "the burden is not on the state to prove the validity of the challenged prison regulation but instead is on the inmate to disprove it." *Williams*, 343 F.3d at 217 (citing *Overton*, 539 U.S. 126).

In this case, Mr. McCray asserts that prison officials are violating his rights under the Free Exercise Clause by providing a vegetarian diet, but not providing Halal/Kosher meat as part of the diet. The problem with this claim is that the Third Circuit held in *Williams v. Morton*, 343 F.3d 212, 217 (3d

5

Cir. 2003), that a prison's providing vegetarian meals to Muslim inmates, rather than Halal meals with meat, does not violate the Free Exercise Clause because such a decision "is rationally related to the legitimate penological interests, namely simplified food service, security, and budgetary constraints." Mr. McCray alleges no facts that would distinguish his situation from *Williams*, as he does not allege that the vegetarian diet violates his religion or that the jail does not afford him the opportunity to pray or to otherwise practice his religion. Accordingly, this Court rejects the claim that the provision of a vegetarian diet violates Mr. McCray's rights under the Free Exercise Clause.[3] *See Adekoya v. Chertoff*, 431 F.App'x 85, 88 (3d Cir. 2011) (affirming dismissal of Free Exercise claim based on failure to provide Halal meals where detainee "did not allege that he was denied vegetarian meals or otherwise prevented from practicing his religion."); *Williams,* 343 F.3d at 217-221; *see also O'Lone v. Shabazz*, 482 U.S. 342 (1987) (rejecting challenge brought by Muslim inmates to a New Jersey regulation which prohibited inmates assigned to outside work details from returning to the prison during the day on Free Exercise grounds, even though it prevented Muslims assigned to outside work details from attending Jumu'ah services on Fridays: "While we in no way minimize the central importance of Jumu'ah to respondents, we are unwilling to hold that prison officials are required by the Constitution to sacrifice legitimate penological objectives to that end.").

(2) Equal Protection

McCray also contends that the jail's providing Jewish inmates with Kosher/Halal meat diets, while denying Muslim inmates Kosher/Halal meat, violates his rights under the Equal Protection Clause of the Fourteenth Amendment. "The Equal Protection Clause commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws.'" *Vacco v. Quill*, 521 U.S.

---

[3] To the extent that Mr. McCray seeks to assert a claim for violation of the Religious Land Use and Institutionalized Persons Act of 2000, the claim fails because he does not allege facts showing that the government imposed a substantial burden on his religious exercise. *See* 42 U.S.C. § 2000cc-1.

793, 799 (1997). "This is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" *Artway v. Attorney General of New Jersey*, 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)). To state an equal protection claim, one must assert facts showing: "(1) the defendant[s] treated him differently from others similarly situated, (2) the defendant[s] did so intentionally, and (3) there was no rational basis for the difference in treatment."[4] *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006); *see also Johnson v. Horn*, 150 F.3d 276, 284 (3d Cir. 1998).

Here, Mr. McCray does not assert facts satisfying the equal protection claim standard. First, his allegations do not show that Muslim inmates are similarly situated to Jewish inmates. For example, he does not assert that the vegetarian diet provided to Muslim inmates satisfies the requirements of a Kosher diet, nor does he assert that the number of Muslim inmates whose religious beliefs require a Halal diet is equivalent to the number of Jewish inmates whose religious beliefs require a Kosher diet. Second, he does not assert facts showing that prison officials are intentionally discriminating against him based on his religion. *See Faruq v. McCollum,* C.A. No. 13-3229, 2013 WL 5670879 (3d Cir. Oct. 18, 2013) (affirming dismissal of equal protection claim where prisoner failed to allege that the defendants acted with discriminatory intent or purpose). Third, he does not assert facts showing that there was no rational basis for any difference in treatment. Accordingly, he does not state an equal protection claim. *See Brown v. Beard*, 445 F.App'x 453, 456 (3d Cir. 2011).

B. <u>Amendment</u>

A district court generally grants leave to correct deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Because it conceivable that Mr. McCray may be able to assert facts showing violation of his free exercise or equal protection rights under § 1983, this Court will grant him

---

[4] The *Turner* standard applies to a prisoner's equal protection claim. *See Williams,* 343 F.3d at 221.

30 days to file an amended complaint that (1) is complete on its face, and (2) asserts facts showing that each named defendant is liable for violating his constitutional rights.[5]

C.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  "A district court can decline to exercise supplemental jurisdiction in several circumstances, including a situation where 'the district court has dismissed all claims over which it has original jurisdiction,' as in this case."  *Trinity Industries, Inc. v. Chicago Bridge & Iron Co.*, __ F.3d __, 2013 WL 4418534 *2 (3d Cir. Aug. 20, 2013) (quoting 28 U.S.C. § 1367(c)(3)).  Here, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).  *See Taggart v. Norwest Mortg. Inc.*, __ F.App'x __, 2013 WL 4873459 at *2 (3d Cir. Sept. 13, 2013).

## IV.   CONCLUSION

This Court grants Plaintiff's application to proceed *in forma pauperis*, dismisses the federal claims, and declines to exercise supplemental jurisdiction.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: November 25, 2013

---

[5] Plaintiff should be aware that he must plead facts showing that each "Government-official defendant, through the official's own individual actions, has violated the Constitution."  *See Iqbal*, 556 U.S. at 676; *see also Rode*, 845 F.2d at 1207 ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.")